IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ZACHARY DON GILLASPIE,   )<br>             Plaintiff,    ) | |
| vs.                                                    ) | No. 3:16-CV-2765-G-BH |
|                                                            ) | |
| ROBERT WARD, et al.,                        ) | |
|             Defendants.                          ) | Referred to U.S. Magistrate Judge |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**

By *Special Order No. 3-251*, this case has been automatically referred for full case management. Before the Court is the plaintiff's motion, *Fed. R. Civ. P. 60(b) against judgment*, received on March 21, 2019 (doc. 42). Based on the relevant findings and applicable law, the motion should be construed as a successive habeas petition under 28 U.S.C. § 2254, opened as a new case, and **TRANSFERRED** to the Fifth Circuit Court of Appeals.

**I.  BACKGROUND**

Zachary Don Gillaspie (Plaintiff), a prisoner currently incarcerated in the Texas Department of Criminal Justice Stiles Unit, sued his former criminal defense attorney, the Johnson County District Attorney (DA), two of his assistant district attorneys, (ADAs), and a state district judge (Judge), under 42 U.S.C. § 1983 based on their roles in his 2013 conviction and sentence in Cause No. F46910 in Johnson County, Texas, for theft and tampering with physical evidence. (*See* doc. 3 at 3-4; doc. 7 at 1-8, 11.)[1] After twice amending his complaint, he only asserted claims against the City of Alvarado (City), two defense attorneys, and two ADAs in connection with his 2013 conviction and sentence and appeal. (*See* doc. 31 at 3.) In addition to raising civil rights claims and seeking monetary damages, Plaintiff's complaint challenged his state criminal conviction and sought

---

[1]  Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

to have that judgment vacated. (*See* doc. 31 at 4.) ,

On September 11, 2018, it was recommended that the claims against the individual defendants be dismissed with prejudice as frivolous under 28 U.S.C. § 1915A(b) and § 1915(e)(2)(B) because the defense attorneys were not state actors and not subject to suit under § 1983, and the prosecutors were immune from suit in their official and individual capacities. (*See* doc. 32.) It was also recommended that the request for habeas relief be dismissed for failure to state a claim. (*See id.*)² Finally, it was recommended that the remaining claims be dismissed with prejudice as frivolous under §§ 1915A(b) and 1915(e)(2)(B) until Plaintiff satisfied the conditions in *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), because a finding in his favor on his claims for monetary damages based on alleged violations of his rights in connection with his prosecution and conviction would necessarily imply the invalidity of the conviction. (*See id.*) The recommendation was accepted on October 2, 2018, and judgment was entered. (*See* docs. 34, 35.)

On September 30, 2018, Plaintiff mailed an *Objection* to the recommended dismissal of his action, but it was received after the judgment was entered. (*See* doc. 36.) On November 1, 2018, he filed a motion under Fed. R. Civ. P. 59 that contended his objection was not considered before judgment was entered. (*See* doc. 37.) The Rule 59(e) motion was denied, and his objection was overruled. (*See* doc. 40.)

Plaintiff now complains of errors in his state criminal case, and he asks this Court to "abrogate" the conviction and to order a jury trial, an evidentiary hearing, and his immediate release. (*See* doc. 42 at 4.)

---

² The complaint was not also construed as a petition for a writ of habeas corpus, because Plaintiff clearly filed his complaint as a § 1983 action, and he had previously challenged his conviction through a federal petition for writ of habeas corpus. *See Gillaspie v. Mackey*, No. 3:16-CV-2833-B (N.D. Tex. Aug. 30, 2017) (denying federal habeas petition). (*See* doc. 32 at 3 n.3.)

## II. NATURE OF SUIT

Plaintiff's Rule 60(b) motion again raises habeas claims, and it only seeks habeas relief. Because the motion expressly challenges his state confinement and it only seeks habeas relief, it is properly construed as a habeas petition under 28 U.S.C. § 2254. *See Preiser v. Rodriguez*, 411 U.S. 475, 487 (1973) (a prisoner seeking to challenge the fact or duration of confinement may only do so within the exclusive scope of habeas corpus).

## III. JURISDICTION

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). They "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). They have "a continuing obligation to examine the basis for jurisdiction." *See MCG, Inc. v. Great W. Energy Corp.*, 896 F.2d 170, 173 (5th Cir. 1990).

A district court cannot exercise jurisdiction over a second or successive § 2254 petition without authorization from the court of appeals. *See* 28 U.S.C. § 2244(b); *Crone v. Cockrell*, 324 F.3d 833, 836 (5th Cir. 2003). A petition is successive if it raises a claim that was or could have been raised in an earlier petition or otherwise constitutes an abuse of the writ. *Hardemon v. Quarterman*, 516 F.3d 272, 275 (5th Cir. 2008); *Crone*, 324 F.3d at 836-37. If it essentially represents a second attack on the same conviction raised in the earlier petition, a petition is successive. *Hardemon*, 516 F.3d at 275-76 (distinguishing *Crone* because "*Crone* involved multiple

3

§ 2254 petitions attacking a single judgment").[3]  A second petition is not successive if the prior petition was dismissed due to prematurity or for lack of exhaustion, however.  *See Slack v. McDaniel*, 529 U.S. 473, 487 (2000) (declining to construe an application as second or successive when it followed a previous dismissal due to a failure to exhaust state remedies); *Stewart v. Martinez-Villareal*, 523 U.S. 637, 643-46 (1998) (declining to construe an application as second or successive when it followed a previous dismissal due to prematurity, and noting the similarities of such dismissal to one based upon a failure to exhaust state remedies).  Otherwise, "dismissal of a first habeas petition for technical procedural reasons would bar the prisoner from ever obtaining federal habeas review." *Stewart*, 523 U.S. at 645.

Here, Plaintiff challenges the same conviction that he challenged in a prior federal habeas petition that was denied on the merits.  Under *Hardemon* and *Crone*, he was required to present all available claims in those petitions.  A claim is available when it "could have been raised had the petitioner exercised due diligence." *Leonard v. Dretke*, No. 3:02-CV-0578-H, 2004 WL 741286, at *3 (N.D. Tex. Apr. 5, 2004) (recommendation of Mag. J.), *adopted by* 2004 WL 884578 (N.D. Tex. Apr. 20, 2004).  The crucial question in determining availability is whether the petitioner knew or should have known through the exercise of due diligence the facts necessary to his current claims when he filed his prior federal petitions challenging the same convictions challenged in this case.

The federal petition is successive within the meaning of 28 U.S.C. § 2244(b) because it raises claims that were or could have been raised in his initial federal petition challenging his conviction. When a petition is second or successive, the petitioner must seek an order from the Fifth Circuit

---

[3] Although *Crone* involved a challenge to petitioner's holding judgment of conviction followed by a challenge to post-conviction and post-sentence administrative actions that stripped him of good-time credits, *Hardemon* considered both challenges to be against "the same conviction".

4

Court of Appeals that authorizes this Court to consider the petition. *See* 28 U.S.C. § 2244(b)(3)(A). The Fifth Circuit "may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of [§ 2244(b)]." *Id.* § 2244(b)(3)(C). To present a claim in a second or successive application that was not presented in a prior application, the application must show that it is based on: (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found him guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. *Id.* § 2244(b)(2).

Because the Fifth Circuit has not issued an order authorizing the district court to consider this successive petition for habeas relief, this Court lacks jurisdiction over this action.

## IV.  RECOMMENDATION

Plaintiff's *Fed. R. Civ. P. 60(b) against judgment*, received on March 21, 2019 (doc. 42), should be construed as a successive petition and transferred to the United States Court of Appeals for the Fifth Circuit. The Clerk of Court should be **DIRECTED** to: (1) terminate the motion in this civil rights case; (2) open a new habeas case for administrative purposes only; (3) docket the motion in that new case as a § 2254 petition filed on March 21, 2019; (4) directly assign the new case to the same District Judge and Magistrate Judge as in this case; (5) file a copy of these Findings, Conclusions, and Recommendation of the United States Magistrate Judge, the order accepting these Findings, Conclusions, and Recommendation in the new case; and (6) without further judicial action, immediately **TRANSFER** the newly opened § 2254 action to the United States Court of Appeals for the Fifth Circuit under *Henderson v. Haro*, 282 F.3d 862, 864 (5th Cir. 2002) and *In re Epps*, 127

5

F.3d 364, 365 (5th Cir. 1997).

**SIGNED on this 22nd day of March, 2019.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE